United States Fidelity and Guaranty Company (USF G) filed in the Circuit Court of Houston County a declaratory judgment action, from which this appeal arises. The purpose of the declaratory judgment action was to determine the insurance coverage, if any, afforded to several of the defendants, namely Harrington Construction Company; Wainwright Engineering Company; Sam Wainwright, as officer of Wainwright Engineering Company; and Fisk Enterprises. Ms. Jewel Armstrong, another defendant in the declaratory judgment action, had previously filed an action to recover for property damage against the aforementioned defendants, and her action is presently pending in the Circuit Court of Houston County awaiting this determination of coverage. The damage allegedly resulted from the acts of the defendants during construction of a sanitary sewage system in Samson, Alabama.
The City of Samson hired Wainwright Engineering Company to plan and design a new city sewage system and contracted with Harrington Construction Company to construct the sewer system project. Harrington later subcontracted its work on the sewer system project to Fisk Enterprises.
In May of 1981, USF G issued a renewal policy of general liability insurance to Harrington Construction Company, effective for one year from May 1, 1981. In October of 1981, the City obtained a general liability insurance policy from USF G, effective for one year from October 7, 1981. Wainwright Engineering Company was added to this policy as an additional insured.
Essentially, the sewer system project entailed replacing the existing sewer lines with new lines. The existing lines were crushed, destroyed, or removed, and the new lines were installed in approximately the same location. During the construction of the sewer system, raw sewage flowed onto adjacent land owned by Ms. Armstrong. The damage caused by the overflow of sewage was the basis of the pending lawsuit which prompted this declaratory judgment action to determine liability insurance coverage by USF G, if any.
The trial court tried the case partially on deposition testimony and partially on oral testimony, without a jury, and made no special findings of fact. At the conclusion of the declaratory judgment action, the trial court ruled against USF G, concluding that "the Plaintiff, United States Fidelity and Guaranty Company, is under a duty to defend the Defendants . . . and the Plaintiff would be liable to pay, within policy limits, any judgment rendered in said action against said parties."
USF G appeals from this judgment on three grounds. First, USF G contends that there was no "occurrence" as defined in the policy and thus no coverage. Second, USF G contends that a "pollution exclusion" provision in the policy excludes coverage of Ms. Armstrong's claims. Third, USF G contends that Wainwright Engineering Company and Mr. Wainwright are excluded from coverage by a "professional services exclusion" clause in the policy.
 I.
The USF G policy of general liability insurance provides the following:
 "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
A. bodily injury or
 B. property damages to which this insurance applies, caused by an occurrence."
"Occurrence" is defined in the policy as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage *Page 1167 
neither expected nor intended from the standpoint of the insured."
Testimony at trial indicated that the existing sewer line was intentionally crushed to allow work on a new sewage line to proceed below the existing line. The crushing blocked off the sewage, causing it to back up in the line and overflow through a manhole onto Ms. Armstrong's property.
USF G argues that all of the acts which caused the sewage overflow — and ultimately the alleged property damage — were intended and that the resulting overflow should have been expected. Thus, USF G concludes there was no "occurrence" to invoke policy coverage. We disagree.
Whether an insurance company owes a duty to provide an insured with a defense to proceedings instituted against him must be determined primarily from the allegations of the complaint. Ladner Co. v. Southern Guaranty Ins. Co.,347 So.2d 100, 102 (Ala. 1977). If the injured party's complaint alleges an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend, regardless of the ultimate liability of the insured. Ladner Co., 347 So.2d at 102.
If the complaint suggests that the injury alleged may not be within the coverage of the policy, then other facts outside the complaint may be taken into consideration. Ladner Co., 347 So.2d at 103. However, in this case, we need not go outside the complaint, because the allegations in the complaint are sufficient in themselves to invoke coverage under the USF G policy.
The complaint filed by Ms. Armstrong alleges, inter alia, negligent conduct in Count I. We have previously held that the term "accident" does not exclude human fault called negligence.United States Fidelity and Guaranty Co. v. Bonitz InsulationCo. of Alabama, 424 So.2d 569, 571 (Ala. 1982); Employers Ins.Co. of Alabama, Inc. v. Alabama Roofing Siding Co., 271 Ala. 394,396, 124 So.2d 261, 263 (1960). Employers Ins. Co. ofAlabama, Inc. v. Rives, 264 Ala. 310, 312, 87 So.2d 653, 655
(1955). In this case, the bare allegations in the complaint trigger USF G's duty to defend its insureds. The duty to pay, however, must be analyzed separately.
There is a presumption in tort law that a person intends the natural and probable consequences of his intentional acts. However, this presumption has no application to the interpretation of the terms used in the "neither expected nor intended from the standpoint of the insured" coverage clause and the policy term "expected or intended injury" cannot be equated with foreseeable injury. Alabama Farm Bureau Mut. Cas.Ins. Co. v. Dyer, 454 So.2d 921, 925 (Ala. 1984); Smith v.North River Ins. Co., 360 So.2d 313, 315 (Ala. 1978). This Court has recently made it clear that the legal standard to determine whether the injury was either expected or intended within this context is a purely subjective standard. Watson v.Alabama Farm Bureau Mut. Cas. Ins. Co., 465 So.2d 394, 396
(Ala. 1985); Alabama Farm Bureau Mut. Cas. Ins. Co. v. Dyer,454 So.2d 921, 925 (Ala. 1984). The insured must have possessed specific intent to inflict the damage to activate this policy exclusion. Watson, 465 So.2d at 396. See also, Hearn v.Southern Life Health Ins. Co., 454 So.2d 932, 934-35 (Ala. 1984). There is no evidence on this appeal to suggest that the defendants specifically intended the discharge of raw sewage onto Ms. Armstrong's land.
A closely analogous case is that of Moss v. Champion Ins.Co., 442 So.2d 26 (Ala. 1983). In Moss, a roofer was sued for water damage which occurred while a roof was being replaced. This Court held that while the roof was indeed intentionally removed, the resulting water damage was not intended, and, therefore, that there was an "occurrence" within the general liability policy terms.
 II.
USF G next contends that its policy of general liability insurance specifically *Page 1168 
excludes the damage claimed by Ms. Armstrong by virtue of the standard "pollution exclusion" clause in the policy. This exclusion states:
 "This insurance does not apply to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalies, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental."
This clause is relatively new to the insurance industry. Its insertion in standard liability policies began in the past decade in an attempt to protect the environment by eliminating coverage for industry-related pollution damages.
This Court has had occasion to interpret this exclusionary clause only once. In the case of Molton, Allen Williams, Inc.v. St. Paul Fire Marine Ins. Co., 347 So.2d 95 (Ala. 1977), we held that an identical clause was "not free of ambiguity" and should be strictly construed against the insurer. Moreover, we held that this clause was "intended to cover only industrial pollution and contamination." Id. at 99. See, also, Long, TheLaw of Liability Insurance, vol. 3, app. 58 (1981). To deny coverage here under this clause would be to distort the plain purpose of the pollution exclusion. We should not be understood to hold that raw sewage could never be such a "pollutant," or that the insurance company could not write an exclusion clause which would cover the activity here involved. We hold only that this policy clause, under the facts of this case, does not eliminate coverage.
 III.
USF G's third contention is that the trial court committed error by providing coverage in this case for Wainwright Engineering Company and Mr. Wainwright individually. Wainwright Engineering Company was added by an endorsement as an additional insured in the policy issued to the City of Samson. USF G relies on an exclusionary clause in the endorsement which states as follows:
 "The insurance with respect to such architects, engineers or surveyors does not apply to bodily injury or property damage arising out of the rendering of or the failure to render any professional services by or for the named insured, including (a) the preparation or approval of maps, plans, opinions, reports, surveys, designs, or specifications and (b) supervisory inspections or engineering services."
USF G contends that Wainwright Engineering Company and Mr. Wainwright, as an employee of the company, rendered only professional services and should be outside the coverage of the policy. This contention is without merit.
It is well established that the insurer's duty to defend is more extensive than its duty to pay. Lawler Machine FoundryCo. v. Pacific Indemnity Ins. Co., 383 So.2d 156, 157 (Ala. 1980); Alabama Farm Bureau Mut. Cas. Ins. Co. v. Moore,349 So.2d 1113, 1116 (Ala. 1977); Ladner Co. v. Southern GuarantyIns. Co., 347 So.2d 100, 102 (Ala. 1977). As stated earlier, the duty to defend arises when the original complaint alleges a state of facts within the coverage of the policy. Ladner Co., 347 So.2d at 102-03.
In this case, by matching the allegations against Wainwright in the complaint with the terms of the policy, including the exclusions, we can find no allegation as to "the rendering of or the failure to render any professional services." Therefore, USF G is under a duty to defend Wainwright Engineering Company and its employee, Mr. Wainwright, in the pending action.
Mr. Wainwright testified that Wainwright Engineering Company performed various functions for this sewage project. *Page 1169 
While Mr. Wainwright testified that some of the functions were professional services within the exclusion, he also indicated that some other functions, such as providing liaison between the City and the contractor, were not professional services within the exclusion. Whether the actions of Wainwright Engineering Company or Mr. Wainwright which allegedly damaged Ms. Armstrong were professional services within the exclusion is a question of fact. Since no specific findings of fact were made by the trial court, "this Court will assume that the trial court found those facts necessary to support its judgment, unless those findings would be clearly erroneous and against the great weight of the evidence." Popwell v. Greene,465 So.2d 384, 387 (Ala. 1985). Because there are facts that support the trial court's judgment, that judgment is not clearly erroneous or against the great weight of the evidence.
The evidence concerning this issue was presented partly ore tenus, when Mr. Wainwright testified in person; therefore, the ore tenus rule applies to attach a presumption of correctness to the trial court's findings of fact. First Alabama Bank ofMontgomery, N.A. v. Martin, 425 So.2d 415, 425 (Ala. 1982). This presumption, coupled with the wide discretion vested in the trial judge in declaratory judgment actions, Home Ins. Co.v. Hillview 78 West Fire District, 395 So.2d 43, 45 (Ala. 1981), compels the conclusion that the trial judge properly found USF G under a duty to pay for any damage the factfinder in the underlying action may find to have been caused by the non-professional services of these two defendants.
Upon review of the record in this case, we find that the trial court's judgment was not clearly erroneous or against the great weight of the evidence. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, SHORES, BEATTY and ADAMS, JJ., concur.