SHORES, Justice.
The Marshall County Board of Education (“Board”) and four of its supervisory employees, Dewey Drain, Kenneth Wilson, Tony Simmons, and James Burkes (“employees”), filed a declaratory judgment action seeking an interpretation of a general liability policy issued by Guaranty National, after it had refused to defend the Board and the employees in an underlying lawsuit. The parties submitted the following stipulation of facts:
“STIPULATION OF FACTS
“(1) Guaranty National issued a policy of insurance to Marshall County School System which had a policy period from September 1, 1984, to September 1, 1985....
“(2) The Board paid the agreed premium for the policy and it was in full force and effect on May 6, 1985....
“(3) Talley Hayes, Sr., was an employee of the Board on May 6, 1985. He received an injury on that day arising out of and in the course of his employment by the Board_ Mr. Hayes died on or around May 24, 1985.
“(4) Talley Hayes, Sr., was driving a mini-van from the Board’s central facility to a warehouse facility at the time of the accident. There was a fire in the minivan which injured Mr. Hayes_
“(5) The mini-van involved in the accident was owned and maintained by the Board. Mr. Hayes had access to it when he needed it and he was the primary person to drive it....
“(6) The personal representatives of Talley Hayes, Sr., Nellie Hayes and Talley Hayes, Jr., filed a lawsuit against the Boárd and the individual plaintiffs in this case as a result of the accident.... The trial court in the underlying case later granted the Board’s motion to dismiss it as a party defendant.
“(7) The individual plaintiffs in this case were employees of the Board at the time of the accident. They were sued in the underlying lawsuit in their capacity as supervisory employees.”
The trial court entered a judgment in favor of the Board and the employees, holding that Guaranty National was obligated to defend and indemnify the Board *747 and the employees. Guaranty National appealed. We affirm. The Board, as noted in the stipulation, was dismissed in the underlying suit.
Guaranty National issued a general liability insurance policy for a period commencing September 1,1984, and running to September 1, 1985, in which “Marshall County School System” was designated the “Named Insured” and the activity of the “insured” was described as “management and operation of the Marshall County School System.”
The policy provided that “The company will pay on behalf of the insured all sums which the insured shall be legally obligated to pay for reason of liability imposed by law, or liability assumed under contract, insofar as the named insured may legally do so, for damages because of: A. personal injury liability.... The company shall have the right and duty to defend any suit against the insured seeking damages on account of personal injury....”
Insured under the policy were:
“(a) Marshall County School System
[[Image here]]
“(c) All employees or volunteer workers of the Named Insured [Marshall County School System] while operating within the scope of their duties as such....”
A wrongful death action was brought by the administrators of the estate of Talley Hayes, Sr., against the Marshall County Board of Education and Kenneth Wilson, superintendent of education for Marshall County; Tony Simmons, who was, at the time of the accident, supervisor of transportation for the school system; James Burkes, an employee of the school system who served as foreman over the mechanics in the transportation department; and Dewey Drain, supervisor of the Marshall County Materials Center, where school books, instruction materials, supplies, etc., were stored.
Seventy-four-year-old Talley Hayes, Sr., had been an employee of the school system for many years, and had retired. Thereafter, he became a worker under the CETA program [1]. When that job was terminated, he was employed by the system on a part-time basis. His general duties were in the materials center and included the transportation of materials, supplies, and equipment to and from the various schools. He also did janitorial work at the warehouse and sometimes did some mowing.
The complaint filed by Hayes’s administrators against the four supervisory defendants charged that they had a duty to provide Hayes, “a safe place to work and/or [a] reasonably safe work environment” and that they had failed to do so. By another count, the complaint alleged that these defendants “each expressly and/or impliedly warranted that the conditions under which the plaintiffs decedent was working were safe,” and that they each “negligently, wantonly and/or wilfully breached their duty by failing to provide plaintiffs decedent a safe place to work and/or a reasonably safe work environment.”
It was stipulated that Hayes was driving a mini-van from which the seats had been removed. The cause of the fire in the van was unknown. The van was not involved in an accident with any other vehicle, and it did not run off the road. The complaint alleged that Hayes was fatally injured when the mini-van “was caused to explode.” It alleges no cause of the explosion.
When the defendants to the wrongful death action called upon Guaranty National to defend them, it refused, relying upon the following two exclusions in the policy:
“This insurance does not apply:
[[Image here]]
“(c) Under Coverage A, B or C to liability arising out of the ownership, operation or use, including loading and unloading, of any automobile except while on premises operated by the Named Insured for the purpose of automobile repair or service;
[[Image here]]
“(i) Under Coverage A or C to bodily injury or death of any employee or any *748 volunteer worker of the Insured arising out of, and in the course of, his/her employment or volunteer services performed for or on behalf of the Insured.”
“Automobile” is defined in the policy to mean a “land motor vehicle, trailer or semitrailer designed for travel on public roads.”
Guaranty National argues that it has no duty to defend the lawsuit against the four supervisory employees of the Board because exclusion (c) excludes coverage for any liability arising out of the ownership, operation, or use of any automobile. Whether exclusion (c) would be applicable to the suit against the Board under these facts, we need not decide, because the Board has been dismissed and because it is stipulated that the injury resulting in Talley’s death arose out of and in the course of his employment by the Board, and is, thus, excluded under exclusion (i). The question before us is whether exclusion (c) applies to the four supervisory employees who have been sued for alleged negligence in failing to provide Hayes with a safe place to work. These four individuals did not own the mini-van, were not operating it, and were not using it at the time of the accident. The injury itself has not yet been shown to have arisen out of Hayes’s operation or use of the mini-van. The policy issued by Guaranty National is described as a “municipal liability policy.” It states that its purpose is to insure the “management and operation of the Marshall County School System.”
Although the specific cause of the fire that engulfed the mini-van has not been established, the complaint in the wrongful death case alleges that he was injured by the acts or omissions of the individual supervisory employees of the Board as a part of the “management and operation of the Marshall County School System.”
An insurance policy is written by the insurance company. Most insureds depend upon the company to provide the coverage they seek. When doubt exists whether coverage is provided, the language used by the insurer must be construed for the benefit of the insured. Aetna Casualty & Surety Co. v. Chapman, 240 Ala. 599, 200 So. 425 (1941). Likewise, where ambiguity exists in the language of an exclusion, the exclusion will be construed narrowly so as to limit the exclusion to the narrowest application reasonable under the wording.
In Alabama Farm Bureau Mutual Casualty Insurance Co. v. Tubbs, 298 Ala. 432, 304 So.2d 589 (1974), this Court quoted the following from 7 Am.Jur.2d Automobile Insurance § 2 (1980), with approval:
“The policy is to be construed in the light of the subject matter with which the parties are dealing and the purpose to be accomplished, and the language used must be given its ordinary and commonly accepted meaning. The test of the intent of the parties to an ... insurance policy is the common understanding of men, and since an insurance policy is a contract designed to furnish protection, it should, if reasonably possible, be so construed as to accomplish that objective and not to defeat it.”
These general principles are equally applicable here.
What would reasonable men expect to be covered in this case? Is it not reasonable to assume that the Marshall County Board of Education sought to protect its supervisory employees from lawsuit charging them with negligence in the management of the school system? Would it not be reasonable for the insurance company to agree to provide that protection, but to exclude coverage when the injury sued upon arose out of the ownership, operation, or use of an automobile?
This Court, like most, if not all, others, has consistently held that “exceptions to coverage must be interpreted as narrowly as possible in order to provide maximum coverage for the insured.” Employers Insurance Co. of Alabama, Inc. v. Jeff Gin Co., 378 So.2d 693 (Ala.1979). Under the stipulated facts of this case, we agree with the individual supervisory employees that Guaranty National has not shown that exclusion (c) applies to these employees, who are “Insureds” under the policy provision quoted above, viz.: “(c) All employees ... of the Named Insured while operating *749 within the scope of their duties as such.” Allstate Life Ins. Co. v. Stephens, 333 So.2d 777 (Ala.1976); Westchester Fire Ins. Co. v. Barnett Millworks, Inc., 364 So.2d 1137 (Ala.1978); American Liberty Ins. Co. v. Soules, 288 Ala. 163, 258 So.2d 872 (1972).
Did the accident that injured Hayes “aris[e] out of the ownership, operation or use” of the mini-van? Certainly, it did not arise out of the ownership, operation or use of the van by either of these individual defendants to the Hayes suit. See Annot. at 15 A.L.R.4th p. 10 (1982), which collects cases construing this phrase in automobile policies, where it is used in the coverage provisions. Here, the phrase occurs in the exclusion provision. Under the facts of this case, it cannot be said that the claim stated against these defendants in the underlying wrongful death action charges them with activity that falls within the exclusion. We hold, therefore, that the trial court did not err in requiring Guaranty National to defend the underlying suit insofar as this exclusion is concerned.
We turn next to the “employee exclusion.”
Exclusion (i) says that the policy does not cover claims for bodily injury or death “of any employee ... of the insured arising out of, and in the course of, his/her employment.” “Insured” is defined to include any person “qualifying as an insured in the ‘Persons Insured’ provision of this policy.” “Persons Insured” is defined to include “All employees ... of the Named Insured while operating within the scope of their duties as such.” The four supervisory defendants who were employees of the named insured, Marshall County Board of Education, are insureds under the policy. The Hayes complaint alleges:
“4. ... [E]ach said defendant had the right to and did control the conditions, methods and manner in which work was performed at the time and place of the occurrence made the basis of the plaintiffs’ complaint. Said defendants negligently, wantonly and/or willfully controlled the conditions, methods and manner in which said work was performed, and said negligent, wanton and/or willful conduct was a proximate cause of the plaintiffs’ decedent’s death.”
Hayes was not an employee of Wilson, Simmons, Burkes, or Drain. Thus, the employee exclusion does not apply to these insureds under the policy.
Approaching this policy with a view to determining what the reasonable expectations of the parties to it were would lead to the conclusion that the Marshall County Board of Education wanted general liability protection for itself and for its employees. It sought this coverage from Guaranty National, who wrote the coverage, but excluded from the coverage what would normally be covered in automobile liability coverage and what would normally be covered by the workmen’s compensation carrier. It would strain reason to conclude that these two exclusions permit Guaranty National to refuse to defend the underlying lawsuit in this case against these four supervisory employees of the Marshall County School Board.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, HOUSTON and KENNEDY, JJ., concur.

. Comprehensive Employment and Training Act, 29 U.S.C. § 801 et seq.