Universal Underwriters Insurance Company appeals from a judgment declaring that it is obligated under an insurance policy to defend ten actions filed against its insureds, Youngblood-Perry Lincoln Mercury, Inc., and Franklin Perry. Ten employees of Youngblood-Perry brought those actions, which include counts for breach of contract, negligence, misrepresentation, and suppression of material facts. Universal contends that no duty to defend exists both because the operative facts do not constitute an "occurrence" within the meaning of the policy and because several exclusions apply.
In their complaints the employees seek damages for Youngblood-Perry's alleged miscalculation of sales commissions and failure to pay premiums for medical and hospitalization insurance, and, in some cases, life insurance, for the plaintiffs. In addition to direct monetary losses, the employees seek damages for mental pain and suffering. The contract count of each complaint alleges breach of the employment contract between each plaintiff and Youngblood-Perry. The negligence count of each complaint alleges that the damages were caused by the negligent failure of Youngblood-Perry and Perry to exercise due care in the selection of employees to conduct its business. The misrepresentation count of each complaint alleges that the defendants misrepresented to each plaintiff that he or she was being paid in accordance with the compensation schedule described in the employment contract. The suppression count of each complaint alleges that the defendants concealed the true sales and expense figures so as to lead the plaintiffs to believe "that the business had enjoyed less sales or incurred more expenses than it actually had."
The pertinent coverage provisions of the policy read:
 "INSURING AGREEMENT — WE will pay all sums the INSURED legally must pay as damages (including punitive damages where insurable by law) because of INJURY to which this insurance applies caused by an OCCURRENCE arising out of GARAGE OPERATIONS or AUTO HAZARD.
 "WE have the right and duty to defend any suit asking for these damages. . . .
". . . .
 " 'GARAGE OPERATIONS' means the ownership, maintenance or use of that portion of any premises where YOU conduct *Page 78 
YOUR AUTO business and all other operations necessary or incidental thereto.
" 'INJURY' means, with respect to:
 "Group 1 — bodily injury, sickness, disease or disability (including death resulting from any of these) or damage to or loss of use of tangible property.
 "Group 2 — mental anguish, mental injury, shock, discrimination or humiliation;
". . . .
 "Group 5 — claims made due to any negligent act, error or omission in the ADMINISTRATION of YOUR profit sharing, pension or employee stock subscription plans or YOUR group life, group hospitalization or major medical, group accident and health, Worker's Compensation, unemployment, social security or disability benefits insurance.
". . . .
 " 'OCCURRENCE' means an accident, including continuous or repeated exposure to conditions, which results in INJURY during the Coverage Part period neither intended nor expected by the INSURED."
Universal contends that the following policy exclusions apply to one or more counts of the complaints:
 "(b) any obligation for which an INSURED may be held liable under any Worker's compensation or disability benefits law or under any similar law;
". . . .
 "(d) liability assumed by any INSURED under any contract or agreement. . . .
". . . .
 "(f) INJURY, as defined in Group 1, to any employee of the INSURED arising out of and in the course of their employment by the INSURED."
Universal contends that the contract counts are removed from coverage by exclusion (d) and that the intentional fraud aspects of the misrepresentation and suppression counts are not covered because "occurrence" is defined in the policy as an accident resulting in injury "neither intended nor expected" by the insured. These arguments have at least an appearance of merit. We make no judgment on them, however, because of our treatment of the other counts, below, and because the trial court reserved its ruling "on all matters of indemnification until the trial on the merits."
The negligence claims and the innocent or reckless aspects of the misrepresentation claims present a sufficient basis to support the trial court's declaration of a duty to defend. The trial court noted that the claims for failure to pay health and life insurance premiums are specifically covered as a Group 5 type of injury. As to the negligence claims, Universal concedes that there was an "occurrence" causing injury within the meaning of the policy, but argues that exclusion (b) applies because, it says, the employees could have filed workmen's compensation claims. Recent decisions of this Court and the Court of Civil Appeals, however, have made it clear that there can be no claim to workmen's compensation if there is no physical injury. Lowman v. Piedmont Exec. Shirt Mfg. Co.,547 So.2d 90 (Ala. 1989); Garvin v. Shewbart, 442 So.2d 80 (Ala. 1983); Magouirk v. United Parcel Service, 496 So.2d 55
(Ala.Civ.App. 1986). The complaints do not allege any physical injury, so exclusion (b) does not apply. Nor does exclusion (f) apply, because that exclusion relates only to Group 1 injuries, i.e., bodily injuries.
An insurer's duty to defend can be more extensive than its duty to pay. American States Ins. Co. v. Cooper, 518 So.2d 708
(Ala. 1987); Burnham Shoes, Inc. v. West American Ins. Co.,504 So.2d 238 (Ala. 1987); United States Fidelity Guar. Co. v.Armstrong, 479 So.2d 1164 (Ala. 1985); Ladner Co. v. SouthernGuaranty Ins. Co., 347 So.2d 100 (Ala. 1977). "If the injured party's complaint alleges an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend, regardless of the ultimate liability of the insured."Armstrong, supra at 1167; Ladner Co., supra at 102.
The term "accident" does not exclude events that occur through negligence. *Page 79 Armstrong, supra, and cases cited therein. Actions for innocent or reckless misrepresentation have been held to be covered under policy provisions like those now before us. Cooper,supra. Therefore, the trial court did not err in declaring that "[e]ach of the plaintiffs has stated a claim which would fall within the policy insuring agreement" or in declaring that Universal is obligated to defend the ten actions.
AFFIRMED.
HORNSBY, C.J., and ADAMS and STEAGALL, JJ., concur.
HOUSTON, J., concurs in the result.