RELIANCE INSURANCE COMPANY, Plaintiff–Counterclaim–Defendant–Appellee,

v.

The KENT CORPORATION, INC., Defendant–Counterclaim–Plaintiff–Appellant.

No. 88–7755.

United States Court of Appeals, Eleventh Circuit.

March 13, 1990.

Tom E. Ellis, Kracke, Thompson & Ellis, PC, Birmingham, Ala., for defendant-counterclaim-plaintiff-appellant.

Lyman H. Harris, Lonette Lamb Berg, Harris, Evans & Downs, Birmingham, Ala., for plaintiff-counterclaim-defendant-appellee.

Before TJOFLAT, Chief Judge, CLARK, Circuit Judge, and SMITH *, Senior Circuit Judge.

CLARK, Circuit Judge:

Defendant, The Kent Corporation, Inc. ("Kent"), appeals the district court's grant of summary judgment in favor of the plaintiff, Reliance Insurance Company ("Reliance"). Because we find that a material issue of fact remains in dispute, we reverse the district court's order granting summary judgment, and remand this case for further proceedings consistent with this opinion.

In July of 1986 Reliance issued a comprehensive insurance policy to Kent. On July 29, 1986, a fire broke out in a dumpster on Kent property. John C. Wallace and several other firemen who participated in putting out the fire filed a lawsuit against Kent. The firemen allege that Kent negligently placed hazardous chemicals in or near the dumpster, that the hazardous chemicals reacted with the fire in the dumpster and emitted hazardous gases, causing the firemen respiratory, digestive, and other injuries. Kent contacted Reliance, requesting that Reliance defend it against this action pursuant to Reliance's obligations under the insurance policy. Reliance initially participated in defending Kent, but now claims in this declaratory judgment action that it is not obligated either to defend Kent or to reimburse Kent for any liability Kent may owe to the firemen as a result of the dumpster fire.[1]

Reliance argues that the pollution exclusion clause in the policy excludes any coverage for the alleged injuries to the firemen. The pollution exclusion clause provides that no coverage exists for "bodily injury or property damage arising out of the actual, alleged or threatened discharge, release or escape of pollutants: (a) at or from premises owned, rented or occupied by the named insured...." The policy defines pollutants to mean "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed." (Exh. A, Plaintiff's Motion for Summary Judgment, R–9) Reliance argues that because the firemen allege that they were injured as a result of the emission of hazardous gases, no coverage exists because such emissions constitute a release or escape of pollutants within the meaning of the pollution exclusion clause.

---

* Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. Kent has counterclaimed for damages for breach of contract and bad faith for Reliance's refusal to provide coverage as required in the insurance policy. Reliance's motion for summary judgment asked for judgment in its favor on its claims and on Kent's counterclaims. Having determined that the policy did not provide for coverage, the court also granted summary judgment in favor of Reliance on Kent's counterclaims. Our reversal of the grant of summary judgment in favor of Reliance therefore necessarily encompasses all claims and counterclaims in this case.

■ In its order granting summary judgment, the district court properly determined that under Alabama law emissions from hazardous waste containers during a dumpster fire constitute a polluting event such that coverage is excluded under a policy containing a pollution exclusion clause like the one in the policy issued to Kent by Reliance. On the particular issue of whether coverage exists under the insurance policy if the firemen were in fact injured by the release of hazardous gases from containers of hazardous materials in the burning dumpster, we adopt and affirm the reasoning set forth in the district court's opinion on pages two through five. (R–16)

■ The district court was premature, however, in granting summary judgment in favor of Reliance. The district court apparently entered its order on the mistaken assumption that this case involved only a claim by Reliance that, based on the allegations in the firemen's complaint, Reliance had no duty to defend Kent.[2] Reliance's complaint asks the court to declare that "there is no coverage afforded to [Kent] under the policy of insurance as concerns the lawsuit filed by [the firemen]." (Plaintiff's Complaint, p. 6, R–1) As a result, the resolution of this case requires more than a determination of Reliance's duty to defend Kent in the firemen's litigation. Under Alabama law, an insurance company's duty to defend is separate and distinct from its duty to reimburse the insured. An insurance company's duty to defend is determined primarily from the allegations of the complaint against the insured. *United States Fidelity & Guaranty Company v. Armstrong*, 479 So.2d 1164 (Ala.1985); *Ladner & Company, Inc. v. Southern Guaranty Ins. Co.*, 347 So.2d 100 (Ala. 1977). The determination of whether the policy extends coverage to liability of the insured arising from any particular instance, however, depends on whether the actual facts of the occurrence fit within the policy's coverage. *Armstrong*, 479 So.2d at 1164; *Ladner & Co.*, 347 So.2d at 100.

■ Reliance reasons that because a fireman cannot recover damages from a property owner for injuries resulting from the normal risks associated with firefighting, the firemen's action against Kent is necessarily one for injuries resulting from the release of hazardous gases, a "polluting event". Therefore, Reliance argues, Kent will only be found liable to the firemen if a polluting event actually occurred, and therefore Reliance will never be obligated to reimburse Kent for any liability Kent owes to the firemen. This argument ignores the fact that if it is determined that the firemen's injuries were not caused by the emission of hazardous gases, the firemen's action against Kent would be based on a covered event, i.e. an accidental fire. The availability to Kent of an absolute defense to a fireman's claim for damages based on injuries sustained in fighting a fire which did not involve the release of hazardous gases does not negate Reliance's obligation to defend Kent against such claims, and to reimburse Kent for amounts paid to the fireman if the defense were unsuccessful.

■ Therefore, to determine whether coverage exists in the present case, the court must first determine whether the firemen's injuries were in fact caused by the emission of hazardous gases from the burning dumpster. This question of material fact remains in dispute. Reliance contends that because the firemen's complaint alleges that the firemen were harmed by the emission of hazardous gases that it has no liability to Kent under the policy. The district court apparently relied on the allegations in the firemen's complaint and an

---

**2.** In the final paragraph of its order, the district court states:

    In entering this ruling, the court is mindful that it pertains only to the plaintiff's obligation as to the claims formulated in the underlying complaint. Whether an insurance company is *obligated to defend* its insured must be determined primarily from the allegations in the underlying complaint. The court recognizes that the firemen's claims could conceivably be amended in the future such that they would then involve claims within coverage under the policy.

District Court order, p. 6 (R–16) (citations omitted, emphasis added)

Alabama Department of Environmental Management report, which found that one five gallon can containing Toluol was in the dumpster at the time of the fire, in determining that a polluting event had occurred.[3] However, to obtain a ruling that Reliance does not owe any coverage, Reliance must *prove* that the firemen's injuries were in fact caused by the emission of hazardous gases. The evidence on the record tending to show that hazardous gases were emitted during the fire is sketchy at best. In answers to interrogatories Kent states that a sealed can containing a pair of rubber gloves, a paint filter and an unknown liquid with a weak solvent odor was found in the dumpster after the fire. (Exh. D, Response to Plaintiff's Reply to Defendant's Supplemental Response, R–15) A report by the Alabama Department of Environmental Management indicates that a five gallon can containing Toluol was found in the dumpster after the fire. The ADEM report does not state whether the can was open or sealed at the time of the fire. (Exh. 5, Reply to Defendant's Motion for Summary Judgment, R–14)

The record also reveals evidence tending to show that hazardous gases were not emitted during the fire. In letters sent to Reliance by Kent, Kent asserts that the firemen's injuries are not a result of the emission of hazardous gases. (Exh. 2(a–d), Defendant's Motion for Judgment on the Pleadings or Summary Judgment, R–10) The deposition of John Wallace, a fireman, taken in connection with the firemen's lawsuit against Kent, reveals that Mr. Wallace does not know whether he inhaled any hazardous gases at the fire. His testimony indicates that his throat and lungs felt irritated during and after the fire, and that he was told by the fire chief that the dumpster contained cans of naphtha products. He saw several cans in the dumpster after the fire, but has no personal knowledge of their contents. (Exh. 1, Defendant's Motion for Judgment on the Pleadings or Summary Judgment, R–10) In the answers to interrogatories, Kent states that

its investigation of the fire revealed that, other than the one sealed can mentioned above, only empty cans were in the dumpster at the time of the fire. (Exh. D, R–15)

In reviewing a grant of summary judgment, this Court makes an independent assessment of the record as to the existence of any genuine issue of material fact. *Greensboro Lumber Co. v. Georgia Power Co.,* 844 F.2d 1538, 1541 (11th Cir.1988). As described above, our review of the record reveals the existence of colorable evidence both tending to prove and disprove that hazardous gases were actually emitted during the fire. Thus, a genuine issue of material fact remains to be resolved before the district court may enter an order declaring that the Reliance insurance policy affords no coverage with respect to the firemen's lawsuit against Kent. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

REVERSED AND REMANDED.

---

**3.** The ADEM statement is the only evidence the district court mentions which tends to show that a polluting event actually occurred.