The City of Montgomery (hereinafter "the City") and Titan Indemnity Company (hereinafter "Titan") brought a declaratory action seeking a determination of whether, pursuant to an insurance policy between Titan and the City, Titan was obligated to defend and indemnify Frank Bertarelli, B.H.H. Davis, Jerome M. Wooten, and Michael G. Jones, four of the City's police officers, in regard to federal charges of malicious prosecution and civil rights violations. The trial court entered a judgment holding that Titan was contractually bound to defend the police officers, but did not rule on the issue of indemnity; the court certified the judgment as final under Rule 54(b), A.R.Civ.P. Titan and the City appeal.
The dispositive issue before us is whether the trial court properly determined that Titan must defend officers Bertarelli and Wooten against the federal charges.[1] We note these facts from the record: In 1991, a series of federal habeas corpus hearings revealed that the Narcotics Division of the Montgomery Police Department had engaged in a pattern of corrupt practices, including the misappropriation of that Division's "informant fund," i.e., money set aside to pay informants who provided the police with information regarding illegal drug activity. Police officers who withdrew cash from this fund were required to report the amount withdrawn, the informant to whom it was paid, and the information that was received in return for the payment. The hearings revealed that Bertarelli, Davis, Wooten, and Jones repeatedly withdrew money from the fund, pocketed it for themselves, and then falsified the files to show that they had paid the money to informants.
In 1989, those four police officers withdrew money from the informant fund and then falsely reported that they had spent it on "information" from "anonymous persons" regarding the alleged illegal drug activities of John Thomas Riley, Jr. Based on this fabricated "information" from these fictitious informants, the four policemen conducted an unconstitutional search of Riley's person and his automobile and filed criminal complaints against him without probable cause. They also "planted" false evidence in Riley's vehicle and supported Riley's criminal prosecution with false testimony. As a result, Riley was convicted on two counts of possession of crack cocaine with intent to distribute and on one count of carrying a firearm during a drug transaction. He served approximately three years of a 123-month sentence, first in the Montgomery County jail and then in the federal penitentiary in Oakdale, Louisiana, until his repeated habeas corpus proceedings ultimately exposed the unconstitutionality of his arrest and prosecution.
The United States District Court for the Middle District of Alabama vacated the judgments of conviction against Riley and ordered his release from prison, and the United States attorney dropped all claims against him. Riley then sued the four police officers, along with their supervisors (John Wilson, chief of the Montgomery Police Department and Dennis Bodine, commander of the Narcotics Division of the Montgomery Police Department) and the City, alleging malicious prosecution and violations of his civil rights and seeking damages under 42 U.S.C. § 1983. Riley alleged that his arrest and convictions occurred as a result of an intentional pattern of corruption within the Narcotics Division of the Montgomery Police Department, perpetuated by the four police officers and tacitly authorized by their supervisors and the City. *Page 768 
The City has a "Law Enforcement Officers' Liability Coverage" policy with Titan, which provides coverage for all City law enforcement officers. The policy reads, in pertinent part:
"PART 1 — WORDS AND PHRASES WITH SPECIAL MEANING
". . . .
 "E. 'Occurrence' means an event and includes continuous or repeated exposure to the same condition that results in:
 "1. personal injury the insured did not expect or intend unless the personal injury resulted from the use of reasonable force to protect persons or property.
". . . .
"F. 'Personal injury' means:
 "1. Bodily injury. Any physical harm to a person's health including sickness or disease. This includes mental harm, mental anguish or mental illness whether or not there has been physical harm or illness.
 "2. False arrest, wrongful detention or imprisonment.
"3. Malicious prosecution.
". . . .
"6. Humiliation,
". . . .
"10. Violation of civil rights.
". . . .
"PART III — WHAT THIS AGREEMENT COVERS
"A. WE WILL PAY.
 "1. We will pay all sums the insured legally must pay as damages because of personal injury or property damage to which this insurance applies, caused by an occurrence resulting from law enforcement activities. . . .
 "2. We have the right and duty to defend any claim, suit, or action asking for these damages even if it is groundless or fraudulent. This includes but is not limited to inquests and civil or criminal suits brought under the Federal Civil Rights Act."
(Emphasis added.) The policy also contains a provision excluding coverage for any punitive damages; however, the policy is endorsed with a waiver of this provision.
Titan argues that the acts of corruption that caused Riley's unlawful incarceration were not "occurrences" that resulted from law enforcement activities and that caused "personal injury that the insured did not expect or intend"; rather, the company argues, the acts were intentional wrongs that cannot give rise to a duty to defend under the policy.
Titan points out that, in the context of insurance, an insured may commit an "intentional wrong" either by intentionally causing injury or by intentionally doing some act which reasonable and ordinary prudence would indicate is likely to result in injury. Hartford Fire Ins. Co. v. Blakeney,340 So.2d 754 (Ala. 1976). Titan argues that anyone of ordinary prudence would surmise that the police officers' intentional acts of conspiracy, perjury, and falsification of evidence would inflict injury on Riley and concludes that the policy does not cover these acts.
The language of the policy does preclude coverage for intentional acts, but it also specifically provides coverage for acts of malicious prosecution, assault and battery, wrongful entry, piracy, and other offenses that require proof of intent. Further, the policy specifically provides coverage for claims brought under the Federal Civil Rights Act. The conflict between these provisions creates an inherent ambiguity within the policy, and it is well settled in this state that when there is any doubt as to whether insurance coverage exists under a policy, the policy must be construed for the benefit of the insured. Guaranty National Insurance Co. v. Marshall CountyBoard of Education, 540 So.2d 745 (Ala. 1989). Because the policy is ambiguous on its face, we construe it against Titan and conclude that Titan must defend the defendants on the claims against them. The trial court's judgment is therefore affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, INGRAM and COOK, JJ., concur.
[1] After the notice of appeal was filed, the appellants moved for a voluntary dismissal of Jones and Davis as appellees, and this Court granted the motion. *Page 769