Continental Casualty Company (hereinafter "CNA") appeals from a declaratory judgment holding that it is obligated to pay a $300,000 judgment against City Realty, Inc., and Martha Cochran, one of the owners of City Realty. We affirm.
In City Realty, Inc. v. Continental Casualty Co.,623 So.2d 1039 (Ala. 1993), this Court affirmed a $300,000 judgment against City Realty and Martha Cochran in a fraud action brought by Wayne and Mary Forbus. The Forbuses had alleged in their complaint that Martha Cochran "had engaged in fraudulent behavior in order to obtain [certain property 'listed' for sale by her as a real estate agent], and, the Forbuses alleged, to prevent them from purchasing the property." City Realty, Inc.v. Continental Casualty Co., 623 So.2d 1039, 1040 (Ala. 1993). The jury returned a $300,000 general verdict against City Realty *Page 400 
and Martha Cochran; the jury was not required to state the type of fraud upon which it based its verdict. See City Realty,Inc., for the facts giving rise to the Forbuses' fraud claims.
 "In a separate lawsuit, City Realty's 'errors and omissions' insurer, Continental Casualty Company . . . had sued the Forbuses and City Realty for a judgment declaring the extent of City Realty's insurance coverage in the event the Forbuses prevailed at trial. CNA argued that City Realty was not covered for the type of behavior alleged by the Forbuses. CNA obtained a summary judgment in its favor. . . ."
623 So.2d at 1041. Although this Court affirmed the $300,000 judgment against Cochran and City Realty, it reversed the summary judgment in favor of CNA, holding that a genuine issue of material fact existed regarding whether the errors and omissions policy issued to City Realty by CNA covered the actions of Martha Cochran. We stated:
 "In CNA's declaratory action, the trial court entered a summary judgment in favor of CNA, determining that Cochran and City Realty were not covered under the CNA policy for the $300,000 verdict. On appeal, Cochran and City Realty argue that the trial court misapplied the law to the facts. They say: 'The issue here, unlike CNA would have this Court believe, is not whether City Realty's conduct was intentional ["expected or intended," triggering an exclusion in coverage], but rather, whether City Realty intended the injury that their conduct allegedly caused.' City Realty and Cochran quote United States Fidelity Guar. Co. v. Armstrong, 479 So.2d 1164, 1167 (Ala. 1985), as that case interprets policy language excluding 'expected or intended injury': 'The insured must have possessed specific intent to inflict the damage to activate this policy exclusion.' City Realty and Cochran say that the trial court misunderstood this standard and, in the absence of any evidence that Cochran acted with specific intent to cause damage or harm to the Forbuses, wrongly entered a judgment for CNA.
 "We are unpersuaded by Cochran and City Realty's arguments in this regard. There is evidence to indicate that Cochran acted with intent to inflict the harm on the Forbuses. However, we agree that the summary judgment was improper.
 "The summary judgment was based on the evidence from the Forbus trial. There were genuine issues of material fact at trial; the culpability of Cochran was an issue of material fact at trial, and it is an issue of considerable dispute here. Furthermore, a determination of Cochran's degree of culpability was not indicated by the jury's verdict.
 "A proper entry of summary judgment presupposes that there is 'no genuine issue of material fact.' Ala.R.Civ.P. 56(c). The evidence before the trial court on the summary judgment motion, that from the Forbus trial, created genuine issues of material fact."
Id., at 1046-47.
On remand, the trial court empaneled an advisory jury at the request of CNA, and a trial was had with regard to CNA's obligation, if any, to pay the previous judgment against the defendants. Following the trial, the jury was unable to reach an advisory verdict. The trial court then advised the parties that a decision would be forthcoming without further jury action.
The trial court determined that the errors and omissions policy issued to City Realty did provide coverage for the previous judgment against City Realty and Martha Cochran. The standard of review in this declaratory judgment case is as follows:
 "'Under the 'ore tenus rule,'" a presumption of correctness accompanies the trial court's judgment when it has made findings of fact based on disputed oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala. 1987); McCrary v. Butler, 540 So.2d 736 (Ala. 1989). This presumption [is] coupled with the wide discretion vested in the trial judge in declaratory judgment actions, *Page 401 Home Ins. Co. v. Hillview 78 West Fire District, 395 So.2d 43, 45 (Ala. 1981). . . ."
Alabama Highway Department v. Stuckey's/DQ of Grand Bay, Inc.,613 So.2d 333, 335 (Ala. 1993). We do not find the judgment of the trial court to be plainly and palpably wrong.
The errors and omissions policy issued to City Realty by CNA read in pertinent part:
"I. COVERAGE AGREEMENTS
 "A. We will pay all amounts in excess of the deductible, up to our limit of liability, which you become legally obligated to pay as a result of a wrongful act by you or by any entity for whom you are legally liable. . ..
"II. EXCLUSIONS
 "We will not defend or pay under this Policy for:
". . . .
 "C. any dishonest, fraudulent, criminal or malicious act or omission;
". . . .
"G. any punitive or exemplary amounts;
". . . .
"I. damage you expected or intended."
R.T. at 73-74. In addition, the policy defines "wrongful act" as follows:
 "'Wrongful Act' means a negligent act, error or omission in the rendering of or failure to render professional services."
Martha Cochran testified that when the Forbuses made their initial offer of $85,000, which was not passed along to the owner of the property in question, she considered the property sold to another individual for $90,000. She testified that although there was not a formal offer of $90,000 on the property at the time the Forbuses made their initial offer, the prospective purchaser and the owner had shaken hands. When the deal fell through, Cochran testified, she contacted Amanda Scroggins, an agent in her office who had been working with the Forbuses, and told her to get in touch with them about the property and that she would be calling the owner back that evening. She testified:
"Q. At this time you had two sales agents, right?
 "A. Right. I told them I have got to call [the owner] back this evening. I said check with your people and get back to me before quitting time.
"Q. Okay.
 "A. . . . But when I talked to Amanda, Amanda says 'Well, I don't know whether the Forbuses will be interested or not because they have already started redoing their house. But I'll try to talk to them anyway.' Said she'd get back with me.
 "Q. But you never heard back from Amanda before quitting time, right?
"A. Right."
R.T. at 161. Cochran testified that when she did not hear back from Scroggins by the end of the day, she spoke with the owner's daughter and offered to pay $70,000 for the property. When her oral offer was accepted, she testified, she considered the property sold. That, she says, is what she told Scroggins when Scroggins brought Mrs. Forbus by City Realty to pick up the key to show her the property the next day.
From a review of the record, we conclude that, although the evidence was disputed, there was evidence to support the trial court's finding that Cochran's actions were covered by the language of the errors and omissions policy, i.e., that Martha Cochran did not expect or intend the injury to the Forbuses as a result of her actions. See Alabama Farm Bureau MutualCasualty Insurance Co. v. Dyer, 454 So.2d 921, 925 (Ala. 1984), and United States Fidelity Guar. Co. v. Armstrong,479 So.2d 1164, 1167 (Ala. 1985).
AFFIRMED.
MADDOX, SHORES, KENNEDY, and INGRAM, JJ., concur. *Page 402