I must respectfully dissent. The sole issue on appeal inTitan Indemnity Co. v. Riley, 641 So.2d 766 (Ala. 1994) (TitanI), was whether Titan was obligated to defend the officers against charges based on the intentional acts alleged in the federal action filed by Riley. The issue now before this Court in this appeal is whether Titan is obligated to indemnify the officers. Riley argues that the principles of res judicata preclude Titan from raising the issue of whether Titan is obligated to indemnify the officers.
This Court held in Ex parte Jefferson County 656 So.2d 382,384-85 (Ala. 1995):
 "The elements of res judicata are: (1) a prior judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) substantially the same parties involved in the prior case are involved in the current case; and (4) the same cause of action presented in both suits."
I do not think that the claim involved in this appeal is the "same cause of action" that was presented in Titan I. It is well settled that an insurer's obligation to defend is separate and distinct from its obligation to indemnify. UniversalUnderwriters Insurance Co. v. Youngblood, 549 So.2d 76
(Ala. 1989); United States Fidelity Guaranty Co. v. Armstrong,479 So.2d 1164 (Ala. 1985); Ladner Co. v. Southern GuarantyInsurance Co., 347 So.2d 100 (Ala. 1977). Because the "obligation to indemnify" is different from the "obligation to defend," this Court is not precluded from addressing the merits of Titan's appeal.
I do not agree that the policy issued by Titan requires it to indemnify the defendant police officers if Riley's action against them in the federal court is ultimately successful. In order to determine whether the police officers were insured by Titan, this Court should look to the language of the written agreement between the parties — the insurance policy. The majority quotes a portion of the insurance policy that defines several terms, but it does not quote the "coverage" clause in the body of the opinion. Instead, it quotes a portion of the coverage clause in a footnote.
The insurance policy explicitly states:
"III. WHAT THIS AGREEMENT COVERS [coverage clause]
"A. WE WILL PAY
 "We will pay all sums the insured legally must pay as damages because of personal injury or property damage to which this insurance applies, caused by an occurrence resulting from law enforcement activities.
". . . .
"D. WHO IS INSURED
 Each of the following is an insured, but only for acts within the scope of their duties for [the City of Montgomery]."
(Emphasis added). Obviously, the alleged activity of "setting up" an innocent person is *Page 708 
not a law enforcement activity that is within the scope of a police officer's duty to the City of Montgomery. I see no ambiguity in the policy language.
Nevertheless, the majority in Titan I found that there is an ambiguity in the policy because the policy states that it covers officers for acts within the scope of their employment, and also covers various other causes of action, including claims brought under the Federal Civil Rights Act. However, there is no conflict between the two clauses of the policy. In order for one of these police officers to be covered for claims brought under the Federal Civil Rights Act, the officer must first be found to have acted within the scope of his duty to the City of Montgomery. If an officer acts within that scope and is sued under the Federal Civil Rights Act, then the insurer is obligated to defend and indemnify the officer. On the other hand, if an officer acts outside the scope of his employment, as in this case, then the officer is not covered.
I would hold that the issue whether Titan is obligated to indemnify the police officers in this action is not barred from our consideration by the principles of res judicata. In addition, Titan is not obligated to indemnify the police officers, because the alleged activities are clearly not within the scope of a police officer's duties. Therefore, I must respectfully dissent.