I must respectfully dissent. I was not a member of this Court when it released its opinion in Titan Indemnity Co. v. Riley,641 So.2d 766 (Ala. 1994) ("Titan I"), which held that, based on the same facts as those presented in this present case, Titan Indemnity Company had a duty to defend the City of Montgomery police officers in the action brought against them by John Thomas Riley, Jr. I dissent because I believe the holding inTitan I is not controlling on the issue whether Titan must also indemnify those officers.
An insurer's duty to defend is generally broader than its duty to indemnify. Universal Underwriters Ins. Co. v.Youngblood, 549 So.2d 76 (Ala. 1989); United States Fid. Guar.Co. v. Armstrong, 479 So.2d 1164 (Ala. 1985). The insurer's duty to defend is determined by the language of the insurance policy and the allegations of the complaint. Ajdarodini v. State AutoMut. Ins. Co., 628 So.2d 312 (Ala. 1993). However, the duty to indemnify is specifically limited by the policy language. The Titan insurance policy at issue reads:
"A. WE WILL PAY.
 "1. We will pay all sums the insured legally must pay as damages because of personal injury or property damage to which this insurance applies, caused by an occurrence resulting from law enforcement activities. . . .
 "2. We have the right and duty to defend any claim, suit, or action asking for these damages even if it is groundless or fraudulent. This includes but is not limited to inquests and civil or criminal suits brought under the Federal Civil Rights Act."
(Emphasis added.) Although Titan I held that the policy was ambiguous as to whether the term "occurrence" included intentional acts such as those alleged in the complaint against the police officers, that opinion did not dispose of the issue whether the alleged actions of the officers were taken in the line and scope of their law enforcement activities.
I believe the alleged actions taken by the police officers in this case were not taken in the line and scope of their law enforcement duties. It was not in the line and scope of their duties as law enforcement officers for them to misappropriate funds, to falsify files, to fabricate information against Riley, to knowingly conduct an unconstitutional search of his person and his automobile, to plant false evidence in his automobile, to knowingly file a criminal complaint against him unsupported by probable cause, or to knowingly provide false testimony against him in support of the criminal prosecution. Clearly, these alleged acts are not within the line and scope of the duties for law enforcement officers in the State of Alabama, because the *Page 709 officers' intentional misconduct did not arise out of anoriginal act that was within the line and scope of theirduties. I would recognize that a police officer's wrongful act may be in the line and scope of police work, such as when an officer uses excessive force during an otherwise valid arrest, but this case does not present such a situation.
I would reverse the judgment of the trial court.
MADDOX, J., concurs. *Page 1052