[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11188
_____

D.C. Docket No. 3:15-cv-00506-CDL-WC

EVANSTON INSURANCE COMPANY,

Plaintiff – Counter
Defendant – Appellant,

versus

J&J CABLE CONSTRUCTION, LLC,
DIXIE ELECTRIC COOPERATIVE,
MARRELL A. CRITTENDEN, JR.,
individually and as Next Friend of M. C. and A. C.,
COURTNEY BYNUM CRITTENDEN,
individually and as Next Friend of M. C. and A. C.,
CAROLINE TORRENCE,

Defendants – Counter
Claimants – Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(April 20, 2018)

Before WILSON and JORDAN, Circuit Judges, and CONWAY,[*] District Judge.

PER CURIAM:

Following oral argument and a review of the record, we affirm the district court's summary judgment order.  First, on these facts, there are no legally significant distinctions between the pollution exclusion clause here (including its definition of "pollutants") and the clause at issue in *United States Fidelity & Guaranty Co. v. Armstrong*, 479 So. 2d 1164, 1168 (Ala. 1985).  Second, the "pollutant" here (sewage) is the same as the one at issue there.  *Id*. at 1166.  Third, the incident's context here puts it *further* from "industry-related pollution" than the "flow[ing]" of "raw sewage . . . onto adjacent land" in *Armstrong*.  *Id*. at 1166, 1168.  Under the circumstances, the district court correctly ruled that *Armstrong* controls.

**AFFIRMED.**

---

[*] Honorable Anne C. Conway, United States District Judge for the Middle District of Florida, sitting by designation.