This is a fraud case. The plaintiffs, Paul and Mitsuko Gary, entered an agreement to purchase a convenience store from the defendant, Kenneth Kirkland, who was the owner and operator of the store at the time. The agreement was made in the form of a deposit agreement and an agreement of sale drawn up on January 9, 1984. As a part of the agreement, Kirkland was to sell the inventory and equipment in the store on the date of closing. The price of the inventory was to be "retail [price] less 28 percent." Of the $32,000 purchase price, $19,000 was to be for the inventory. The deal was closed on Monday, February 6, 1984. At that time, an inventory of the store's stock was taken while both plaintiffs were in the store. The inventory indicated that the store's stock did not equal $19,000 and the purchase price was accordingly reduced by $791.11 to $31,208.89.
After the Garys began operating the store, they learned that certain items of the inventory had been marked up excessively; that some items had been marked upimmediately before the sale of the store; and that a large number of items had passed their expiration dates. They also found that some of the expiration dates had been altered or concealed.
The Garys filed suit against Kirkland, claiming actual and punitive damages. The jury returned a verdict in favor of the plaintiffs on May 6, 1986, in the sum of $40,000. Judgment was entered accordingly and Kirkland then moved for judgment notwithstanding the verdict (JNOV) or in the alternative for a new trial. The trial judge granted the JNOV but did not rule on the motion for a new trial. The Garys filed a motion to alter, amend, or vacate the judgment and a motion for a new trial. It is from the denial of these motions that the Garys appeal.
Before turning to the facts of this particular case, we set out our standard of review in JNOV cases. A motion for JNOV should be denied if there is any conflict in the evidence for the jury to resolve, and the existence of such a conflict is to be determined by the scintilla rule. Handley v. Cityof Birmingham, 475 So.2d 1185, 1187 (Ala. 1985);Elrod v. Ford, 489 So.2d 534, 537 (Ala. 1986). On review of a JNOV, the evidence must be viewed in a light most favorable to the non-moving party. Wadsworth v. YanceyBros. Co., 423 So.2d 1343, 1345 (Ala. 1982).
In his order, the trial judge stated that the case was being tried on a suppression theory, that is, that Kirkland had suppressed material facts; the judge had charged the jury on that basis.
The code section applicable to this fraud action is Code 1975, § 6-5-102:
 "Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." *Page 972 
The trial judge properly recited the elements necessary to support a cause of action under this code section: (1) A duty to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act; and (4) action by the plaintiff to his injury. Wilson v. Brown, 496 So.2d 756, 759 (Ala. 1986). Resolution of this case hinges on the first element — whether a duty to disclose facts existed. The statute presents two situations in which a duty to disclose arises: where a confidential relationship is present, and where there are "particular circumstances of the case." Code 1975, §6-5-102.
This Court has had occasion to deal with this issue in the past. Under § 6-5-102, mere silence is not fraud unless confidential relations or special relations, or special circumstances exist; active concealment or misrepresentation must be present. Berkel Co.Contractors v. Providence Hospital, 454 So.2d 496, 505
(Ala. 1984).
The trial judge correctly pointed out that the Garys had two opportunities to inspect the merchandise at the store.
 "When the means and sources are equally accessible to both parties, the ignorance of the purchaser is regarded as self-deception, unless art or artifice is employed to prevent investigation or stifle information. . . . No evidence was presented to show or even infer that defendant by artifice or trickery prevented plaintiffs from examining anything in the store that they wished. The Court is convinced that because of the undisputed evidence cited above, that it was in error in submitting the case to the jury in the first instance."
We disagree with the trial judge. Evidence was presented at trial from which the jury could infer that the defendant employed artifice or trickery to defraud the Garys. When even a scintilla of evidence is present, in favor of a non-moving party, a JNOV is improper. Under Alabama law, a scintilla is described as "a mere gleam, glimmer, a spark, the least particle, the smallest trace, or a scintilla in support of the theory of the complaint." Howard v. Crowder,496 So.2d 31 (Ala. 1986).
A former employee of Kirkland testified that she had been in the store on Sunday, February 5 (the day before the sale) and that when she returned on Monday afternoon (after the sale) prices on two specific items (sunglasses and beef jerky) had been marked up substantially. She also testified that other items she could not name specifically had been marked up.
The same employee testified that she was told to put labels over the expiration dates of some products and to put some outdated items back on the store shelves, and that she had been instructed by another store employee to use nail polish remover to take expiration dates off of other products. The acts occurred between the time the agreement was reached and the date the transaction was closed and the Garys took possession of the store and the inventory. There was also testimony to the effect that Kirkland was aware of the alteration of the expiration dates.
Plaintiff Paul Gary testified that he had found 70 cases of out-of-date food items in the store after the sale. He also testified that the prices of some of the items in the store were inflated to a great degree.
Viewing these facts in the light most favorable to the plaintiffs, we hold that the plaintiffs presented much more than a scintilla of evidence on the necessary elements of the cause of action: (1) This case presented special circumstances due to the changing of the expiration dates on some items and increasing the sales price of some items immediately before the transfer of the store, so that a duty to disclose existed; (2) the changing of prices and expiration dates was a concealment of material facts; (3) the plaintiffs were induced to act (i.e., to pay for the inventory) because of the concealment; and (4) the plaintiffs were injured by having to pay to replace the out-of-date merchandise and loss of customer goodwill.
While the evidence in the case is not uncontradicted, and while the jury may have chosen to disbelieve any or all of it, they apparently did not, and evidence existed *Page 973 
to indicate fraudulent suppression on the part of Kirkland. This suppression could have resulted in an inflated value of the inventory at the time of purchase. Viewing the evidence in the light most favorable to the plaintiffs, we reverse the JNOV.
In view of the fact that the trial court failed in the instant case to make the required conditional ruling on the alternative motion for a new trial, we have examined the record, and we order the trial court to reinstate the jury verdict. In the recent case of Luker v. City ofBrantley, [MS. 85-208, Jan. 9, 1987] (Ala. 1987), the options in this situation were presented:
 "It has always been generally recognized that an appellate court has the option of remanding a case to the trial court with directions to rule upon a motion for a new trial in situations where the entry of a J.N.O.V. has been reversed but the trial court has failed to rule on the motion for a new trial.
 " 'Where the trial court granted the motion for judgment n.o.v., but failed to rule on the motion for new trial, and the appellate court reverses the entry of judgment n.o.v., the appellate court may then: (1) order entry of judgment on the verdict; (2) order a new trial; or (3) remand the case to the trial court for reconsideration of the motion for new trial.'
 "5A J. Moore J. Lucas, Moore's Federal Practice § 50.14 (2d ed. 1986)."
Luker v. City of Brantley, [MS. 85-208, Jan. 9, 1987] (Ala. 1987).
We have examined the grounds set out in the appellant's "motion for judgment notwithstanding the verdict or, in the alternative, for a new trial," and we are satisfied, based on a review of the facts and circumstances of this case as presented on this appeal, that there was no ground[1]
stated in the motion for a new trial that would have authorized the trial court to grant a new trial. Regarding the ground that "[t]he evidence presented by plaintiffs was insufficient to support the verdict and judgment entered by the Court," we are of the opinion that the following principle is applicable:
 "An order granting a motion for a new trial on the sole ground that the verdict is against the great weight and preponderance of the evidence will be reversed for abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence."
Jawad v. Granade, 497 So.2d 471, 477 (Ala. 1986).
We reverse the J.N.O.V. and remand this case to the trial court and order the entry of judgment on the jury verdict, because there was no ground stated that would have authorized the trial court to grant a motion for a new trial, and because it is easily perceivable from the record that the jury verdict is supported by the evidence.
REVERSED AND REMANDED, WITH DIRECTIONS.
JONES, SHORES and HOUSTON, JJ., concur.
BEATTY, J., concurs in the result.
[1] Many of the grounds of the motion for new trial were based on an alleged insufficiency of the evidence to prove the claims made by the plaintiffs.