518 So.2d 708 (1987)
AMERICAN STATES INSURANCE COMPANY
v.
James H. COOPER and Lakeside Properties of Auburn.
CONSTITUTION STATE INSURANCE COMPANY
v.
James H. COOPER and Lakeside Properties of Auburn.
86-986, 86-987 and 86-1021.
Supreme Court of Alabama.
November 6, 1987.
Rehearing Denied December 23, 1987.
Robert S. Lamar, Jr., of Lamar & McDorman, Birmingham, for appellant American States Ins. Co.
Richard A. Ball, Jr., and Joana S. Ellis of Ball, Ball, Duke & Matthews, Montgomery, for appellant Constitution State Ins. Co.
Joe Espy III of Melton & Espy, Montgomery, for appellees.
SHORES, Justice.
These are appeals from a declaratory judgment. Plaintiffs James H. Cooper and Lakeside Properties of Auburn sought declarations of insurance coverage with respect to two underlying lawsuits against them. The underlying suits arose from the sales of two apartment complexes in Lee County.
In the first suit, Lakeside, Ltd., purchasers of one complex, allege that the sellers, James Cooper and Lakeside Properties of Auburn, a general partnership, misrepresented the number of units that were preleased, and that Cooper assured them that, based on present and anticipated market conditions, the complex would always be fully occupied. They contend that the representations were made intentionally with knowledge, recklessly without knowledge, or innocently by mistake. As injuries, the purchasers claim that they lost part of their investment and lost profits that they would have made had the complex been as represented, that their credit standing was *709 damaged, and, further, that they suffered mental anguish.
The second action was brought by the purchaser of a second apartment complex, sold by James H. Cooper and Lakeside, Ltd. The purchaser alleged that the age of the complex, as well as its general condition, was misrepresented to him by Cooper, and, that as a result, he, the purchaser, suffered mental anguish and economic loss. The complaint alleges that these misrepresentations were made intentionally with knowledge, recklessly without knowledge, or innocently by mistake.
Both insurers, American States Insurance Company and Constitution State Insurance Company, contend that the above-stated allegations are not covered under the provisions of their policies issued to Cooper. The trial court held otherwise, and ordered the two insurers to defend and indemnify Cooper with regard to the misrepresentation claims. The insurers appealed. We affirm, and adopt the well-reasoned order of Judge Phelps as the opinion of this Court.
"This matter is presently before the Court on the Bill for Declaratory Judgment heretofore filed by James H. Cooper and Lakeside Properties of Auburn against American States Insurance Company (American) and Constitution State Insurance Company (Constitution). Two cases, each styled Cooper v. American States Insurance Company, have been consolidated for purposes of the declaratory judgment. Three underlying damages suits, Lakeside, Ltd. v. Lakeside Properties of Auburn, Patel v. Lakeside Properties of Auburn, and Lakeside Properties of Auburn v. T & H Properties, have been stayed pending the decision in the declaratory judgment cases.
"In the underlying damages cases, the Plaintiffs allege fraud against the Defendants for representations which were `false and were made intentionally with knowledge of their falsity, recklessly without knowledge, or innocently and by mistake.' The Plaintiffs further allege that `as a proximate consequence of said misrepresentations' they suffered `Mental anguish.' The Defendants in these damages cases seek a declaratory judgment to the effect that American and Constitution are obligated to defend and indemnify them with respect to those underlying damage suits. Oral argument was heard by the Court on August 28, 1986. The Court, having considered the arguments and briefs of counsel, is of the opinion that the Declaratory Judgment is due to be rendered in favor of Cooper and Lakeside Properties of Auburn.
"An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint giving rise to the suit against the insured. United States Fidelity & Guaranty Co. v. Armstrong, 479 So.2d 1164 (Ala.1985). If the allegations accuse the insured of actions for which the insurance company provides protection, the insurance company is obligated to defend the insured. Armstrong, supra; see also, Ladner & Co. v. Southern Guaranty Ins. Co., 347 So.2d 100 (Ala.1977) Thus, it is necessary to look first to the allegations in the complaints and second to the language of the insurance policies.
"The Plaintiffs in the case of Lakeside Ltd. v. Lakeside Properties of Auburn (the Lakeside suit) allege that on or about August 2, 1985, they purchased from Cooper an apartment complex in reliance upon misrepresentations, made to them by Cooper, that 50% of the available rental for the complex had been preleased for the upcoming school term, that certain income projections for the complex made by Cooper were conservative, and that the complex would always be occupied. The Plaintiffs further allege that they suffered economic loss and mental anguish as a result of the misrepresentations.
"The Plaintiff in Lakeside Properties v. T & H Properties (the T & H suit) sues to collect $83,200.00, interest, costs, and attorney's fees which Plaintiff alleges are due and owing on a note and guaranty agreement executed by T & H Properties on July 31, 1985.
*710 "The Plaintiff in Patel v. Lakeside Properties of Auburn (the Patel suit) alleges that in November 1985 he purchased an apartment complex from Cooper. He alleges that this purchase was made in reliance upon misrepresentations by Cooper to the effect that the apartment complex was 10 years old and in very good condition; he also alleges that Cooper failed to disclose that the complex was in need of repair. Patel further alleges that he has suffered economic losses and mental anguish as a result of the misrepresentations.
"The `Comprehensive General Liability Coverage' of American States' policy provides, in part, as follows:
"`The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
Coverage A. bodily injury or
Coverage B. property damage to which this insurance applies caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage....' (Emphasis added.)
"The policy also provides the following definitions which are applicable to the insurance agreement:
"`"occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damages neither expected nor intended from the standpoint of the insured .... "`"bodily injury" means bodily injury[,] sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom....' (Emphasis added)
"The Constitution policy is quoted in pertinent part as follows:
"`"OCCURRENCE" means:
"`1. With respect to Personal Injury and Property Damage, an accident, a happening, an event, or a continuous or repeated exposure to conditions which results during the policy period in Personal Injury or Property Damage neither expected nor intended from the standpoint of the Insured. All such exposure to substantially the same conditions shall be deemed one occurence....
"`"PERSONAL INJURY" means:
"`1. Bodily injury, sickness, disease, disability, shock, fright, mental anguish, and mental injury, including death resulting therefrom and care and loss of service resulting from such Personal Injury....' (Emphasis added [by Judge Phelps])
"The primary issue now before the Court is whether or not the misrepresentations and subsequent reliance thereon constitute an `occurrence' which resulted in `personal injury' or `bodily injury' such that the Defendant's insurance companies may be required to defend and indemnify Cooper and Lakeside Properties in the damage suits. It is noted in the American policy, `bodily injury' includes sickness or disease which includes mental anguish. See, Morrison Assurance Co. v. North American Reinsurance, 588 F.Supp. [1324] (N.D.Ala.1984). `Personal Injury' specifically includes mental anguish in the Constitution policy.
"The Alabama Supreme Court has established that reliance upon misrepresentations may or may not constitute an `occurrence' within the definition provided by an insurance contract. In Ladner v. Southern Guaranty Insurance Company, 347 So.2d 100, the plaintiffs' reliance upon intentional misrepresentations did not constitute such an occurrence. Plaintiffs in the underlying damage suits, however, have alleged that the misrepresentations upon which they relied were either intentionally or recklessly or innocently made. On the basis of those allegations, the Court finds that both American and Constitution are obligated to defend Cooper and Lakeside Properties, and further to indemnify them except for intentional misrepresentations. It is therefore,
"ORDERED, ADJUDGED, and DECREED that the defendants, American *711 States Insurance Company and Constitution State Insurance Company be and the same are hereby required to defend the plaintiffs, James H. Cooper and Lakeside Properties of Auburn in the suits styled as follows: Lakeside Ltd. v. Lakeside Properties of Auburn, and Patel v. Lakeside Properties of Auburn and further to indemnify them except for intentional misrepresentations."
The trial court later responded to the defendants' postjudgment motions as follows:
"This matter is submitted to the Court on the motion for New Trial filed by the Defendant, Constitution State Insurance Company, and the Motion for Rehearing, Reconsideration, Alteration or Amendment of Judgment and Other Relief filed by the Defendant, American States Insurance Company. The Court, having heard the arguments of counsel and having considered the matters, is of the opinion that its January 26, 1987, Order should be amended. The January 26, 1987, Order of this Court is hereby amended as follows:
"`The parties agree and there is no question but that American States Insurance Company is the primary carrier and that Constitution State Insurance Company is the excess carrier. The Plaintiffs in the underlying damage cases have alleged that they suffered mental anguish. The responsibilities of the primary and excess carriers as set forth in the January 26, 1987, Order of this Court and hereinafter set forth are, therefore, with regard to the damages presently before the Court, i.e., mental anguish. If other damages are hereafter claimed, the Court grants leave to any affected party to seek additional declaratory judgment relief.
"`It is therefore,
"`ORDERED, ADJUDGED and DECREED as follows:
"`1. [That] Defendant American States Insurance Company be and the same is hereby required to defend the Plaintiffs, James H. Cooper and Lakeside Properties of Auburn, in the suits styled as follows: Lakeside, Ltd v. Lakeside Properties of Auburn and Patel v. Lakeside Properties of Auburn.
"`2. [That] Defendants American States Insurance Company and Constitution State Insurance Company [are required to] indemnify the Plaintiffs in the above lawsuits, as primary and excess insurers, respectively, in accordance with the insurance contracts in evidence.
"`3. All other aspects of Defendants' motions are DENIED.'"
AFFIRMED.
JONES, ADAMS and STEAGALL, JJ., concur.
TORBERT, C.J., concurs specially.
TORBERT, Chief Justice (concurring specially).
I concur with the majority opinion's holding that the insurance companies do have a contract duty to defend and indemnify the insureds under the policies at issue. However, my concurring should not be understood as agreeing that the defendants in the underlying lawsuits have any legal liability for mental anguish arising from the alleged misrepresentations.