602 So.2d 893 (1992)
Andrew C. SCOTT and Walter F. Scott, Jr.
v.
CITY OF MOUNTAIN BROOK, a Municipal Corporation.
1900509.
Supreme Court of Alabama.
July 31, 1992.
*894 Deidre W. Lee, Fairhope, for appellants.
Mark W. Lee of Parsons, Lee & Juliano, P.C., Birmingham, for appellee.
PER CURIAM.
The plaintiffs, Andrew C. Scott and Walter F. Scott, Jr., appeal from summary judgments in favor of the defendant, the City of Mountain Brook. The claims underlying these judgments involve the action of the Mountain Brook city council and the mayor of Mountain Brook in refusing to approve a bond issue that would assist the Scotts in financing the development of property owned by them in Mountain Brook.[1]
Although the facts and issues asserted by the parties are considerably broader, this appeal is properly resolved under an analysis of Mountain Brook's claim of immunity from the Scott claims. In this regard, an examination of the nature of the Scott claims on which the summary judgments were based is relevant.
Specifically, the Scotts claimed a civil conspiracy and an intentional interference with a business relationship. They averred in their complaint with regard to the latter:
"With knowledge of the business relation the plaintiffs had with the State Authority and Redevelopment Authority, the defendants intentionally interfered with that business relation resulting in the plaintiffs' not being able to acquire the favorable financing for development of the real property of the plaintiffs."
The Scotts also averred, with regard to civil conspiracy:
"The defendants, acting in concert with others, for the purpose and object of causing damage to the plaintiffs, withheld the consent of the Mountain Brook City Council for issuance of the bonds by the Redevelopment Authority.... The concerted action of the defendants and others caused damage to the plaintiffs by depriving them of the use of less expensive financing to obtain the $4,900,000 for the construction of The Scott Project."
In light of these claims, we now turn to Ala.Code 1975, § 11-47-190, which is the pertinent statutory enactment regarding municipal immunity. That Section provides in pertinent part:
"No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless said injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his duty...."
We have stated that § 11-47-190 thus limits the liability "of municipalities to injuries suffered through `neglect, carelessness or unskillfulness.'" Neighbors v. City of Birmingham, 384 So.2d 113, 114 (Ala. 1980). We have emphasized that a claim of malicious prosecution against a municipality, for example, is not within the "neglect, carelessness or unskillfulness" genre of liability. Id.; see also, Hilliard v. City of Huntsville, 585 So.2d 889 (Ala.1991) (stating that these terms do not, given their plain meaning, encompass a claim based on wanton conduct).
Similarly, here we cannot conclude that the terms "neglect," "carelessness," and "unskillfulness," given their plain meanings, *895 encompass intentional interference with a business relationship or a civil conspiracy predicated on a purposeful scheme to damage the plaintiffs.
We conclude that Mountain Brook is immune from the claims of the plaintiffs, under § 11-47-190.
AFFIRMED.
HORNSBY, C.J., and MADDOX, STEAGALL and KENNEDY, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
The plaintiffs claim damages based on allegations of intentional interference with business relations; i.e., they filed a state law claim seeking damages for an intentional tort. Gross v. Lowder Realty Better Homes & Gardens, 494 So.2d 590 (Ala. 1986). Ala.Code 1975, § 11-47-190, gives municipalities immunity from claims based on intentional interference with business relations. The Scotts argue that the legislature could not have intended to allow the recovery of money damages against municipalities for less egregious conduct of their agents and to deny the recovery of money damages for more egregious conduct. To that, I can only say that the legislature did so and that the legislature had the power to so do.
The plaintiffs also assert a claim of civil conspiracy. A civil conspiracy is a combination of two or more persons to accomplish an unlawful end (an end unlawful by civil law standards) or to accomplish a lawful end by unlawful means. Eidson v. Olin Corp., 527 So.2d 1283 (Ala. 1988). There is no conspiracy where the only parties to the alleged conspiracy are a corporation and one of its agents and the corporation's liability is predicated upon the theory of respondeat superior through the acts of the agent with whom it allegedly conspired. Williams v. Marcum, 519 So.2d 473, 475 (Ala.1987). As I understand the pleadings and the briefs of the parties, the alleged wrong of the City of Mountain Brook was the alleged wrong of its mayor in voting, and thereby tying the vote and killing the motion to approve the sale of the bonds. Therefore, there was no evidence of a necessary element of a cause of action for conspiracy  the combination of two or more persons.
NOTES
[1] Originally, these claims were against the City of Mountain Brook and the mayor of Mountain Brook. The mayor has been previously dismissed from this lawsuit, and this appeal relates only to the summary judgments in favor of the defendant Mountain Brook.