In October 1990, David Arnold, in his capacity as city manager for the City of Daphne, entered into a purchase agreement with Jay P. Altmayer and others (collectively referred to as "Altmayer"), whereby the City would purchase certain real property for $3 million. Arnold transferred $250,000 in municipal funds to an escrow account at SouthTrust Bank of Baldwin County as earnest money under the agreement. The City thereafter rejected the purchase agreement, and Altmayer sued the City, alleging breach of contract and fraudulent concealment. While this action was pending, both the City and Altmayer claimed ownership of the funds in escrow. SouthTrust Bank thereafter filed an interpleader action, and both Altmayer and the City filed claims for the money. Altmayer also counterclaimed against SouthTrust Bank, alleging that the bank had been negligent in allowing Arnold to transfer municipal funds into the escrow account.
The breach of contract and interpleader actions were consolidated for trial. Thereafter, the City moved for a summary judgment on all claims contained in the breach of contract case and, following oral argument, the trial court granted this motion. The trial court held that the breach of contract claim was barred by the Statute of Frauds, that the City could not be held liable for the intentional torts of Arnold, and that Altmayer had failed to establish the elements of its fraudulent concealment claim against the City. The trial court also declared the purchase agreement to be null and void. In the interpleader action, SouthTrust Bank and the City filed a motion asking the court to release the interpleaded funds to the City. The trial court granted the motion, holding that upon release of the funds SouthTrust Bank would be discharged from all liability to the defendants and that the City's counterclaim against the Bank was moot. Altmayer appeals from the trial court's judgment in both cases.
We will first address the merits of Altmayer's action alleging breach of contract and fraudulent concealment. The record reveals these undisputed facts: In 1989, the Daphne City Council began to consider acquiring real estate on which to build a justice center complex and other administrative offices. To this end, the Council set aside $3 million in a capital fund account. One of the sites it considered for the judicial center was 45 acres of Altmayer's property, known as "the Village." The Council instructed Arnold to "negotiate for the property and report back to the council." Arnold did not have written authorization from the City or the Council members to bind the City to a contract for the purchase of the property.
On September 12, 1990, Arnold executed a purchase agreement with Altmayer, under which the City was to purchase the Village for $3 million. For the earnest money under the contract, Arnold transferred $250,000 from the City's capital growth account into an escrow account at SouthTrust Bank. Arnold presented the purchase agreement to the Council during a formal Council meeting in October 1990, and the Council learned of the transfer of funds. The Council did not take formal action at that meeting, except to require an appraisal of the Village. One week later, the Council voted in a special meeting to reject the purchase agreement, and Altmayer subsequently sued.
The first issue is whether the trial erred properly determined that Arnold lacked the authority to bind the City to the purchase agreement. In his affidavit submitted in opposition to the City's summary judgment motion, Arnold stated that his duties as city manager included "the negotiation and execution of contracts on behalf of the City, managing, transferring and handling City funds and bank accounts." Arnold also stated that he recalled "being granted express authority to sign checks and other banking and financial statements" on the City's behalf. Arnold claimed that the Council orally authorized him during several "working sessions" to negotiate with Altmayer to purchase the Village. Arnold stated that the Council was fully informed of his progress and never objected to Altmayer's price or instructed Arnold not to *Page 369 
enter into a purchase agreement with Altmayer.
From this, Altmayer concludes that Arnold had express authority to bind the City to a purchase contract; however, under the Statute of Frauds, an agreement to purchase or sell land must be in writing, and the authority of an agent to bind his principal to such an agreement must also be in writing — otherwise, the contract is void. Ala. Code 1975, § 8-9-2(5);Cammorata v. Woodruff, 445 So.2d 867 (Ala. 1983). The record shows that while Arnold had written authority to write checks for the City and to otherwise manage municipal funds, he did not have written authorization to bind the City to the purchase agreement. The theories of implied and apparent authority to act for one's principal are not applicable to a situation that falls within the Statute of Frauds. Cammorata. The Statute of Frauds defense may be waived when the principal commits an affirmative act showing an intention to affirm the contract,Durham v. Harbin, 530 So.2d 208 (Ala. 1988); however, the record does not show that the City ever took such an affirmative act.
We also note that, by statute, Arnold lacked the authority to bind the City to the contract without its express approval. Section 11-43-21(b)(7), Ala. Code 1975, provides that a city manager shall have the power "[t]o make and execute all lawful contracts on behalf of the municipality as to matters within his jurisdiction; provided, that no contract, purchase or obligation involving more than $100.00 shall be binding until after approval by the governing body." Because the Council did not approve the purchase agreement in this case, Arnold's negotiated agreement with Altmayer could not bind the City. Section 11-43-21(b)(7).
Altmayer next argues that the trial court erred in entering the summary judgment for the City on Altmayer's claims alleging willful and reckless misrepresentation and promissory fraud, which were based on Arnold's alleged assurances to Altmayer that he had the authority to enter into the contract. The trial court held that the City was immune to these claims under Ala. Code 1975, § 11-47-190, which provides, in pertinent part:
 "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless said injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his duty. . . ."
This section absolves a municipality from liability for the intentional torts of its agents; thus, Altmayer cannot maintain claims against the City for Arnold's alleged misrepresentation and promissory fraud. Scott v. City of Mountain Brook,602 So.2d 893 (Ala. 1992).
The final issue raised is whether the summary judgment was proper on the issue of concealment. On a claim alleging fraudulent concealment, a plaintiff must establish (1) that the defendant had a duty to disclose material facts, (2) that the defendant concealed or failed to disclose those facts, and (3) that the concealment or nondisclosure induced the plaintiff to act to his injury. Gary v. Kirkland, 514 So.2d 970 (Ala. 1987). When both parties are intelligent and fully capable of taking care of themselves and are dealing at arm's length, with no confidential relationship, no duty to disclose exists when information is not requested. Trio Broadcasters, Inc. v. Ward,495 So.2d 621 (Ala. 1986). In this case, we hold that the trial court correctly determined from the evidence that the parties were dealing at arm's length and that there was no special relationship or circumstance that would give rise to a duty on the part of the City to disclose the limits of Arnold's authority.
A summary judgment is proper and must be affirmed where there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The trial court's summary judgment for the City in Case 1911236 is hereby affirmed. In Case 1911564, Altmayer's claim to the interpleaded *Page 370 
funds was premised solely upon his alleged rights under the purchase contract. Based on the foregoing, the trial court properly entered a judgment for the City in regard to the interpleaded funds; accordingly, that judgment is affirmed.
1911236 AFFIRMED.
1911564 AFFIRMED.
MADDOX, ALMON, ADAMS and INGRAM, JJ., concur.