State Auto Mutual Insurance Company (hereinafter "State Auto") filed a declaratory judgment action against Javad Ajdarodini, doing business as Winner Team Construction Company (hereinafter "Winner Team"); Edna Ragland; and Houston Ragland. State Auto sought a determination of whether a general liability policy it had issued to Winner Team required State Auto to defend and indemnify Winner Team in a lawsuit alleging breach of contract and fraud brought by the Raglands. The trial court entered summary judgment in favor of State Auto, holding that its policy did not require a defense and indemnity; Winner Team appeals.
The record reveals these facts: State Auto issued a general liability policy insuring Winner Team for one year beginning December 4, 1987. In September 1989, the Raglands sued Winner Team, alleging breach of contract and fraud arising out of a construction contract they had entered into with Winner Team in July 1987; the Raglands did not seek damages for mental anguish. Winner Team thereafter submitted a claim to State Auto for coverage under the general liability policy. State Auto denied the claim.
The Raglands amended their complaint against Winner Team in June 1990 to seek damages for mental anguish based on each of their allegations of fraud and breach of contract. The Raglands' case was tried in October 1991, and the jury returned a verdict against Winner Team on the breach of contract claims only. In November 1991, Winner Team filed an amended claim with State *Page 313 
Auto, seeking coverage under the general liability policy based on the Raglands' June 1990 additional claims against Winner Team. State Auto again denied coverage and State Auto thereafter filed this declaratory action.
An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint giving rise to the action against the insured. American States Insurance Co. v. Cooper,518 So.2d 708 (Ala. 1987). If the allegations accuse the insured of actions for which the insurance company has provided protection, the insurance company is obligated to defend the insured. American States.
The policy contained the following provisions:
 "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
"Coverage A. bodily injury or
"Coverage B. property damage
 to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured
seeking damages on account of such bodily injury or property damage. . . .
". . . .
 " '[B]odily injury' means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;
". . . .
 " '[O]ccurrence' means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage
neither expected nor intended from the standpoint of the insured. . . ."
The policy also contained certain exclusions:
"This insurance does not apply:
 "(a) to liability assumed by the insured under any contract or agreement; . . .
". . . .
 "(e) to loss of use of tangible property which has not been physically injured or destroyed resulting from
 "(1) a delay in or lack of performance by or on behalf of the named insured of any contract or agreement, or
 "(2) the failure of the named insured's products or work performed by or on behalf of the named insured to meet the level of performance, quality, fitness or durability warranted or represented by the named insured. . . ."
From the plain language of the policy, it is clear that the Raglands' breach of contract claims were not eligible for coverage under the policy; however, the Raglands also alleged four claims of fraudulent misrepresentation. In American StatesInsurance Co. v. Cooper, 518 So.2d 708 (Ala. 1987), this Court determined that a plaintiff's reliance upon misrepresentations by an insured that resulted in the plaintiff's suffering mental anguish constituted an "occurrence" resulting in "bodily injury," construing policy terms identical to those in the policy now before us. In this case, however, the Raglands originally sought only damages to compensate for payments they had made to Winner Team in reliance on the alleged misrepresentations. The Raglands did not allege in their original complaint that they had suffered mental anguish, nor did they otherwise seek damages for noneconomic injury. It was the original complaint that State Auto had before it when it first denied coverage. The Raglands amended their complaint in June 1990 to add claims of mental anguish; however, Winner Team did not submit the amended complaint to State Auto until November 1990, after the case had been tried and a judgment entered against Winner Team.
Because Winner Team delayed submitting the Raglands' amended complaint to State Auto for its consideration until after the trial, the issue of whether State Auto had a duty to defend Winner Team in the proceeding is moot. The only remaining issue is whether State Auto has a duty to pay the judgment against Winner Team. The record shows that the jury returned its verdict for the Raglands solely on the claims of breach *Page 314 
of contract, not on the fraud claims. Because the policy clearly excludes breach of contract claims from its coverage, the trial court properly determined in this declaratory action that State Auto has no duty to pay the judgment against Winner Team. The trial court's judgment is therefore affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES and ADAMS, JJ., concur.