Cincinnati Insurance Company ("Cincinnati") sought a judgment declaring that it had no obligation to cover certain of its insureds in an underlying legal action. The trial court held that Cincinnati was required to defend its insured in the underlying action. Specifically, the trial court held that the claim made by the plaintiff in the underlying action against Cincinnati's insureds did not arise out of and in the course of his employment and therefore was not subject to the insurance policy exclusion that Cincinnati sought to invoke.
The facts giving rise to this declaratory judgment action are as follows: In May 1989, Dr. Donald A. Perry sued Lee Anesthesia, P.C., and Dr. G. Earle Fuller, individually and as president of Lee Anesthesia (hereinafter referred to collectively as "Lee Anesthesia"). Dr. Perry alleged that Lee Anesthesia had breached a contract under which it had agreed to pay him a certain amount of money for professional services and that it had failed to provide all of the employee benefits they had agreed upon. Additionally, Dr. Perry stated a fraud count against Lee Anesthesia, claiming that it made various false representations concerning Dr. Perry's benefits and compensation and that he had relied on these representations to his detriment. Specifically, Dr. Perry claimed to have suffered severe mental anguish because of the alleged fraud.
Lee Anesthesia is a named insured under a business owner's insurance policy issued by Cincinnati Insurance Company. Under this policy, Cincinnati agreed to pay on behalf of its insureds all sums that the insureds became legally obligated to pay as damages because of bodily injury or property damage caused by an occurrence arising from the ownership, maintenance, or use of the insured premises. Among other limitations *Page 249 
and exclusions, the policy provides that the insurance does not apply:
 "(a) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured for which the insured may be held liable as an employer or in any other capacity."
We note that the parties have stipulated that Dr. Perry's claim is for bodily injury and that the act complained of does constitute an "occurrence" as defined by the policy in question.
The dispositive issue on this appeal is whether the bodily injury exclusion, as set out above, relieves Cincinnati of its obligation to defend Lee Anesthesia. In other words, when did Dr. Perry's injury occur — before or after his employment with Lee Anesthesia began?
An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint giving rise to the cause of action against the insured. American States Ins. Co. v. Cooper,518 So.2d 708 (Ala. 1987). The contract shall be construed liberally in favor of the insured and strictly against the insurer. Tyler v. Insurance Co. of North America, 331 So.2d 641
(Ala. 1976). Exclusions are to be interpreted as narrowly as possible, so as to provide maximum coverage for the insured, and are to be construed most strongly against the insurance company that drafted and issued the policy. Alliance Ins. Co.v. Reynolds, 494 So.2d 609 (Ala. 1986); Employers Ins. Co. ofAlabama v. Jeff Gin Co., 378 So.2d 693 (Ala. 1979).
The question before this Court is whether Dr. Perry's underlying fraud claim against Lee Anesthesia arose before or after Dr. Perry's employment relationship with it began.
Dr. Perry testified that the parties reached an agreement regarding his salary and benefits before he became an employee of Lee Anesthesia. No formal contract was signed, but the substance of this agreement, according to Dr. Perry's testimony, was that after 18 months the income from the practice would be shared equally. Dr. Perry was hired to function as an anesthesiologist, and his job consisted of making sure that adequate equipment was available, supervising the operating room cases, evaluating the capacity of patients to safely tolerate operating room procedures, and assisting with chronic pain patients.
Construing the insurance contract liberally in favor of Lee Anesthesia, we hold that any misrepresentation giving rise to an injury had to occur before the employment relationship began. The act that forms the basis of Dr. Perry's fraud action took place before the employment relationship began. The bodily injury claimed by Dr. Perry to have been caused by the alleged misrepresentation would not have been caused by his work as an anesthesiologist, but rather would have been caused by misrepresentations of material facts alleged to have been made by Lee Anesthesia before Dr. Perry's employment began. Clearly, his injury did not arise in the course of his employment with Lee Anesthesia. Consequently, Cincinnati has a duty to defend its insureds in the underlying legal action.
Cincinnati also contends that the trial court's order is "overbroad" in that, Cincinnati says, it implies that Cincinnati not only had a duty to defend its insureds in the underlying action but must, in all events, indemnify Lee Anesthesia in the event of an award in favor of Dr. Perry in the underlying action. We have reviewed the trial court's order and conclude that it reaches only the issue of Cincinnati's duty to defend. The issue of indemnification would best be settled as a part of the underlying action.
Accordingly, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur. *Page 250