WOODALL, Justice
(concurring specially).
I concur fully in the main opinion. I write specially to address an argument made by the Greene County Water and Sewer Authority (“the Authority”) but not discussed in the main opinion.
The Authority argues that “Mayor Olay-iwola surely possessed the apparent authority to act on behalf of the Town of Boligee.” Authority’s brief, at 16. The Authority reasonably construes the trial court’s judgment as containing a conclusion that the mayor possessed the apparent authority to enter into the contract at issue in this case. However, the theory of implied authority is not applicable under the facts of this case.
The right-of-way agreement that is at the center of this dispute is subject to the Statute of Frauds. See Garrison v. Alabama Power Co., 807 So.2d 567, 572 (Ala.Civ.App.2001) (holding that a contract to convey an easement must comply with the Statute of Frauds). “The theories of implied and apparent authority to act for one’s principal are not applicable to a situation that falls within the Statute of Frauds.” Altmayer v. City of Daphne, 613 So.2d 366, 369 (Ala.1993). Instead, “the authority of an agent to bind [her] principal to such an agreement must also be in writing — otherwise, the contract is void.” Id. There is no evidence indicating that the town council, in writing, authorized *1174 Mayor Olayiwola to execute the right-of-way agreement. Therefore, the agreement is void.
MURDOCK, Justice
(concurring in the result).
I concur in the result reached by the main opinion, but I respectfully decline to join that opinion, in part because of my disagreement with the statement therein that an ore tenus standard of review is the appropriate standard to apply in this case. The matter of the mayor’s authority to enter into the agreement at issue is decided today as a question of law by this Court. The question of the applicability of the doctrine of estoppel is decided in this case by our application of law to facts. The appropriate standard to apply in deciding both questions is the de novo standard of review, rather than the deferential standard described in the main opinion, a standard normally employed when assessing a trial court’s findings of fact based on evidence received ore tenus.
I also write separately to add a few additional thoughts regarding the question of estoppel. First, I believe it is important to note that the Greene County Water and Sewer Authority is charged with knowledge of the law. This includes the requirement of the law that a contract of the nature of the one at issue here be approved by the Boligee Town Council. Yet, there is no indication that the Authority (or its general contractor) procured an appropriate resolution of the town council as a precondition to accepting Mayor Olayi-wola’s signature on the agreement in question or that it otherwise performed appropriate “due diligence” to determine whether the town council had approved the agreement. To the contrary, for several meetings over a period of over two months before the signing of this agreement, the Authority was attending meetings of the town council and was actively engaged in attempting to persuade the council to give it a different contract (a contract to operate the Boligee water system for the benefit of residents of Boli-gee). The Authority was well aware that it had not engaged in any discussion with the council regarding an agreement to allow it to lay waterlines to serve customers outside the town limits of Boligee. As the main opinion also notes, concerns regarding the lack of the council’s approval were communicated to the Authority on behalf of Boligee.
In those rare instances where the doctrine of estoppel is applied against a municipality, its application requires proof of, among other things, ‘“conduct, language, or silence amounting] to a representation or concealment of a material fact.’ ” Peterson v. City of Abbeville, 1 So.3d 38, 44 (Ala.2008) (quoting City of Foley v. McLeod, 709 So.2d 471, 474 (Ala.1998), citing in turn City of Prattville v. Joyner, 698 So.2d 122, 126 (Ala.1997)). I note that in City of Foley, 709 So.2d at 474, this Court “conclude[d] that the City’s continued acquiescence” to certain activity “amounted to a misrepresentation of a material fact.” I also note that a party seeking to invoke the doctrine of estoppel must show that its reliance on the misrepresentation or concealment at issue was reasonable or justified. 28 Am.Jur.2d Estoppel Waiver § 81 (2000). See also Mazer v. Jackson Ins. Agency, 340 So.2d 770, 773 (Ala.1976) (quoting 3 Pomeroy, Equity Jurisprudence § 805 (5th ed.1941), for the requirement that the party invoking the doctrine of estoppel must demonstrate that “the truth concerning [the] facts [in issue] must be unknown to the ... party claiming the benefit of the estoppel”). Furthermore, as the main opinion notes, the doctrine of estoppel is applied against a municipality only “1 “when justice and fair play demand *1175 it.” ’ ” 77 So.3d at 1172 (quoting Peterson, 1 So.3d at 44).
Given its charged knowledge of the law and its actual knowledge of what was and was not discussed with the Boligee Town Council during the months preceding the commencement of the project at issue, I cannot conclude that the Authority reasonably relied on any acts or omissions of the town council or that justice and fair play demand that the doctrine of estoppel be applied in this case.